I concur in all respects with the main opinion, with the exception of the last two sentences of that section of the main opinion titled "Whether the Worker's Injury Was to a Scheduled Member." 871 So.2d at 855. I agree with the main opinion that "an injury to the shoulder is not an injury to the arm," and therefore concur in the result reached in that section. I would not base that result, as does the main opinion, on the additional point that "the worker sought, and was awarded, benefits for permanent total disability." 871 So.2d at 855 (emphasis added). Even if the trial court's award had been for permanent partial disability, the trial court would not necessarily have been limited to awarding the compensation due under § 25-5-57(3)(a) for the loss of an arm. Moreover, it is the extent of disability, and whether that disability extends beyond the scheduled member, that defines whether a disability is total or partial, not vice versa. *Page 860